UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO, Secretary of Labor,       *
 United States Department of Labor,        *
                                           *
                  Plaintiff,               *
                                           *        CIVIL ACTION
          v.                               *
                                           *        FILE NO.
DIPAT CONSTRUCTION, INC., JERRY            *
CONSTRUCTION, INC., KEL-RICK               *
CONSTRUCTION MANAGEMENT, INC.,*
JERRY POULIN, JOHANNE POULIN               *
and PATRICK POULIN,                        *
                                           *
                                           *
                  Defendants.              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## COMPLAINT

Plaintiff brings this action to enjoin defendants from violating the provisions of sections

6, 7, and 11 of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 USC 201),

hereinafter called the Act, and to recover unpaid wages and liquidated damages pursuant to the

provisions of sections 15(a)(2) and 16(c) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by section 17 of the Act and by 28

USC 1345.

II.

Defendant Dipat Construction, Inc., is, and at all times hereinafter mentioned was, a

corporation having an office and place of business at 5 Security Drive, Hudson, New Hampshire

within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a construction business.

III.

Defendant Jerry Construction, Inc.  is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 5 Security Drive, Hudson, New Hampshire within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a construction business.

IV.

Defendant Kel-Rick Construction Management, Inc. is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 3 Security Drive, Hudson, New Hampshire within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a construction business

V.

Defendant Jerry Poulin maintains a place of business at 5 Security Drive, Hudson, New Hampshire within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, owner and president of Jerry Construction, Inc. and as such actively manages, supervises and directs the business affairs and operations of said corporation.  This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

VI.

Defendant Johanne Poulin maintains a place of business at 5 Security Drive, Hudson, New Hampshire within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, owner and president of Dipat Construction, Inc. and as such actively manages,

supervises and directs the business affairs and operations of said corporation.  This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

VII.

Defendant Patrick Poulin maintains a place of business at 3 Security Drive, Hudson, New Hampshire, within the jurisdiction of this Court and is now, and at all times hereinafter mentioned was, owner and president of Kel-Rick Construction Management, Inc. and as such actively manages, supervises and directs the business affairs and operations of said corporation. This defendant has acted at all times material herein directly and indirectly in the interest of said corporation in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

VIII.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of section 3(r) of the Act.

IX.

At all times hereinafter mentioned, defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.  Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s).

X.

Defendants have willfully and repeatedly violated and are violating the provisions of sections 6 and 15(a)(2) of the Act by paying employees wages at rates less than the applicable minimum wage.

XI.

Defendants have willfully and repeatedly violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

XII.

Defendants have willfully and  repeatedly violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

XIII.

During the period since March 30, 2004, defendants have willfully and repeatedly violated and are violating the aforesaid provisions of the Act, as alleged, and a judgment enjoining such violation is expressly authorized by section 17 of the Act.

WHEREFORE, cause having been shown, plaintiff prays judgment permanently enjoining and restraining defendants, their agents, servants, employees, and those persons in active concert or participation with them, or acting in their interest and behalf, from violating the provisions of sections 6. 7. and 11 of the Act, and costs.

XIV.

During the period since March 30, 2004, defendants have willfully and  repeatedly violated and  violating the aforesaid provisions of the Act.  An award of actual and liquidated damages is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown, plaintiff demands judgment ordering payment of unpaid wages found by the Court to be due the employees listed in attached Exhibit "A , plus an equal amount as liquidated damages, and costs.

Post Office Address:                          Jonathan L. Snare
U.S. Department of Labor                  Acting Solicitor of Labor
Office of the Solicitor
JFK Federal Building
Room E-375                                      Frank V. McDermott, Jr.
Boston, MA  02203                           Regional Solicitor
TEL: (617) 565-2500
FAX: (617) 565-2142                         */s/ John S. Casler*
                                                      John S. Casler
                                                      Deputy Regional Solicitor

                                                      */s/ Merle D. Hyman*
                                                      Merle D. Hyman
                                                      Senior Trial Attorney

                                                      U.S. Department of Labor
                                                      Attorneys for Plaintiff