UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF NEW HAMPSHIRE

```
* * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO Secretary of Labor,   *
 United States Department of Labor,  *
                                     *
              Plaintiff,             *
                                     *      CIVIL ACTION
     v.                              *
                                     *      FILE NO. 1:07-CV-92-PB
DIPAT CONSTRUCTION, INC., JERRY      *
CONSTRUCTION, INC., KEL-RICK         *
CONSTRUCTION MANAGEMENT, INC.,       *
JERRY POULIN  and JOHANNE POULIN     *
                                     *
                                     *
              Defendants.            *
* * * * * * * * * * * * * * * * * * * * * * * *
```

<u>JUDGMENT</u>

Plaintiff having filed a complaint and the defendants having appeared by counsel, filed answer to the complaint and, without admitting liability, consented to the entry of this judgment without contest.

It is, therefore,

ORDERED, ADJUDGED and DECREED that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 <u>et</u> <u>seq.</u>), hereinafter referred to as the Act, in any of the following manners;

Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or

who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than the applicable minimum wage.

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR 516.

Defendant Jerry Poulin shall not, at any time in the future, serve as an owner, director, or executive of any business entity subject to the Act.

The parties further agree and stipulate, and it is hereby ORDERED, that this action may be, and hereby is, dismissed with prejudice and without findings as against defendants Patrick Poulin and Jerry Poulin.

The Court finding as agreed to by the defendants, who do not admit to any conduct or allegation, that employees are due compensation in the amount of $350,678.53, and are due liquidated damages in the amount of $140,421.47, as shown on attached "Exhibit A" which is incorporated in and made a part hereof, it is

ORDERED, ADJUDGED and DECREED that the defendants are restrained from

withholding payment of said compensation and liquidated damages.

The back-wage provisions of this judgment shall be deemed satisfied when on or before September 30, 2008, the defendants deliver to plaintiff a single certified check payable to "Wage and Hour – Labor" in the net amount of all back wages and liquidated damages due on the amounts listed in "Exhibit A" .  The defendants shall further pay each employee's share of social security and withholding taxes to the appropriate authority.  The defendants shall also provide to plaintiff a statement showing the names, social security numbers, the gross amount due each employee, the amount of each deduction taken for the employee's share of FICA and withholding taxes, and the net amount due each employee.

When any recovered wages have not been claimed by any employee within three years, because of inability to locate the proper persons, or because of such person's refusal to accept such sums, the Secretary of Labor shall deposit such money into the United States Treasury as miscellaneous receipts, pursuant to 29 USC §216(c).

Defendants shall not, under any circumstances, accept and keep any amount returned to them by a person owed compensation under this judgment.  Any such amount shall be immediately paid to the plaintiff as above.

It is further ORDERED that on or before September 30, 2008, defendants shall pay to plaintiff a civil money penalty in the amount of  $108,900 pursuant to 29 USC §216(e).

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated_____2008.

_____
Paul J. Barbadoro
United States District Judge

| | |
|---|---|
| Defendants hereby consent to the entry of this judgment. | Plaintiff moves for the entry of this judgment: |
| | Gregory F. Jacob<br>Solicitor of Labor |
| Dipat Construction, Inc.,<br>Jerry Construction, Inc.,<br>Kel-Rick Construction Management, Inc.,<br>Jerry Poulin, Johanne Poulin and Patrick Poulin | Frank V. McDermott, Jr.<br>Regional Solicitor |
| By  */s/ Mark T. Broth*<br>    Mark T. Broth, Esq. | /s/ *Merle D. Hyman*<br>Merle D. Hyman<br>Senior Trial Attorney |
| | U.S. Department of Labor<br>Attorneys for Plaintiff |

4